UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JOHNNY LEE DATES,

        Plaintiff,                                  Case No. 1:07-cv-1129

v.                                                                 Honorable Robert J. Jonker

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This case was transferred to this Court from the Eastern District of Michigan. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because the Michigan Department of Corrections is immune and Plaintiff fails to state a claim against Barbara Sampson.

**Discussion**

I.   Factual allegations

Plaintiff is incarcerated in the Parnall Correctional Facility. According to the Michigan Department of Corrections Offender Tracking Information System (OTIS), Plaintiff presently is serving prison terms of five to twenty years for being a prison in possession of a weapon, 40 months to five years for carrying a concealed weapon, and two to ten years for breaking and entering a building with intent to commit larceny. He also has past convictions for second-degree murder (1976), breaking and entering a building with intent to commit larceny (1972), unlawful use of a motor vehicle (1970) and carrying a concealed weapon (1970). Plaintiff's action concerns the denial of his parole by the Michigan Parole Board. He sues the Michigan Department of Corrections (MDOC) and Parole Board Chairperson Barbara Sampson.

Plaintiff was denied parole in 2003, 2005 and 2007. In 2007, Plaintiff was interviewed by Parole Board Member Laurin Thomas. On September 24, 2007, the parole board issued a Notice of Decision denying Plaintiff's parole for the following reasons:

**Crime & Criminal Behavior**
   **The property crime**:
   Involved prisoner in possession of a weapon
   Involved breaking and entering unoccupied building/business
   Involved carrying concealed weapon
   Arose in multiple offender situation

   **The prisoner has a criminal history**:
   Of a crime that resulted in loss of life
   Including a weapon or weapons

**Correctional Adjustment**
   **The behavior reflected in the misconducts**:
   Shows that prisoner has received misconduct(s) since coming to MDOC or since last PBI
   Shows criminal behavior while incarcerated
   **The prisoner's prior post conviction corrections history includes**:

   Commission of crime while under supervision
   Absconding/failure to report
   A history of parole failure

**Program Involvement**
   **Through involvement in community programs, the prisoner has**:
   Been denied community placement due to a special designation

(9/24/07 Parole Board Notice of Decision, docket #1-2.) The parole decision was signed by Defendant Sampson and Parole Board Member Miguel Berrios.

  Plaintiff claims that he was denied a fair parole hearing by an impartial decision maker in violation of his due process rights. Plaintiff alleges that after Defendant Sampson and Parole Board Member Artina Hardman denied him parole in 2005, he wrote a grievance challenging the denial of his parole. As a result of that grievance, Plaintiff believes that Sampson is personally biased against him. Plaintiff contends that Sampson "took control" from Thomas, the parole board member who conducted Plaintiff's 2007 parole interview, and denied his parole for the same reasons stated in the 2005 parole decision. Plaintiff further claims that Sampson denied his parole in 2007 in retaliation for the grievance Plaintiff filed in 2005.

  For relief, Plaintiff seeks a new parole hearing and an order requiring that Defendant Sampson and Parole Board Member Barrios to recuse themselves from participating in Plaintiff's parole decision.

  II.  Immunity

  As an initial matter, Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst*

*State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at \*2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at \*1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at \*1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at \*1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the MDOC must be dismissed.

### III.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source

of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence).

Plaintiff does not directly seek release from prison; rather, he requests a new parole hearing. As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred. *See Wilkinson*, 544 U.S. at 82. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth below.

A. **Due Process**

To the extent Plaintiff claims that his due process right were violated in his 2007 parole proceedings, he fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich.*

*Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

B. **Retaliation**

Plaintiff also claims that Defendant Sampson denied his parole in 2007 in retaliation for a grievance he filed against her after she denied his parole in 2005. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Assuming Plaintiff can satisfy the first two requirements for a retaliation claim, he cannot establish a causal connection between the protected conduct and the adverse action. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete, relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).

Here, Plaintiff claims that Sampson voted to deny his parole in 2007 because he filed a grievance in 2005 challenging the parole board's decision to deny his parole. The grievance does not mention Sampson by name and was written on May 10, 2005, more than two years before Plaintiff's parole was denied on September 24, 2007. John Rubitschun, the Parole Board Chairman at the time Plaintiff wrote his grievance, responded to the Step II grievance. Plaintiff does not allege or show that Sampson was directly involved at any stage of the grievance process. The 2005 grievance is far too attenuated from the 2007 parole decision to establish that the parole board decision was motivated by retaliation, rather than the reasons stated in the parole decision. *See Bell v. Ohio Adult Parole Authority*, 23 F. App'x 478, 479 (6th Cir. 2001) (state prisoner failed to show that causal connection existed between parole board's denial of parole and his filing of a previous lawsuit against two prison officials as would support civil rights action under § 1983 against

members of parole board, where prisoner provided no evidence to support his conclusion that members' decisions were based on their intent to retaliate against him, as opposed to being based on facts of his crime.) Therefore, Plaintiff fails to state a claim for retaliation.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because the MDOC is immune and Plaintiff fails to state a claim against Barbara Sampson. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  January 30, 2008                                    /s/ Hugh W. Brenneman, Jr.
                                                            HUGH W. BRENNEMAN, JR.
                                                            United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).